OPINION
{¶ 1} On November 12, 1998, the Stark County Grand Jury indicted appellant, Eric Tucker, on one count of aggravated burglary in violation of R.C. 2911.01, one count of aggravated robbery in violation of R.C,2911.01 and one count of attempted murder in violation of R.C. 2923.02. Each count included a firearm specification.
 {¶ 2} On December 16, 1998, appellant pled guilty as charged. By judgment entry filed February 1, 1999, the trial court sentenced appellant to an aggregate term of twenty-one years in prison.
 {¶ 3} On November 5, 2001, appellant filed a motion to withdraw his plea. By judgment entry filed May 8, 2002, the trial court denied said motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "Appellant was denied due process and equal protection of the law when the trial court abused it's discretion in adjudicating appellant's motion to withdraw guilty plea, in violation of appellant's constitutional rights as guaranteed by the fifth andfourteenth amendments to the United States Constitution, and article one section ten and sixteen of the Ohio Constitution."
 I {¶ 6} Appellant claims the trial court erred in denying his motion to withdraw his guilty plea. We disagree.
 {¶ 7} Our standard of review is limited to an abuse of discretion. State v. Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's order was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 8} Crim.R. 32.1 governs the withdrawal of a guilty or no contest plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 9} Appellant based his motion to withdraw his guilty plea after sentencing on a Crim.R. 11 violation. Specifically, appellant claims the trial court failed to inform him of the potential for civil liability via the State Reparation Fund, R.C. 2743.71, et seq.
 {¶ 10} R.C. 2743.72(A) and (K) provide for reimbursement to the State of Ohio for any award of reparation made from the State Reparation Fund. In order to assert reimbursement rights, the state attorney general is authorized to institute civil legal proceedings against the offender. R.C. 2743.72(M).
 {¶ 11} Appellant argues the trial court should have informed him of the liability created by R.C. 2743.72 under the authority of Crim.R. 11(C)(2)(a) which states as follows:
 {¶ 12} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 13} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
 {¶ 14} We disagree with appellant's argument. Crim.R. 11 speaks only to the right of confrontation in the criminal case. It does not address any potential civil ramifications.
 {¶ 15} In addition, appellant failed to present this court with the transcript of the original plea. Absent the transcript, we are unable to review the Crim.R. 11 exchange between the trial court and appellant. In Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, the Supreme Court of Ohio held the following:
 {¶ 16} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 17} Upon review, we find the trial court did not abuse its discretion in denying the motion to withdraw guilty plea.
 {¶ 18} The sole assignments of error is denied.
 {¶ 19} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Wise, J. concur.
Topic: Motion to withdraw Crim.R. 11 reparations statute.